UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
THE LIGHTSTONE GROUP, LLC,                                          :
LIGHTSTONE ACQUISITIONS III, LLC, and                               :   **ORDER REMANDING CASE**
LSG 365 BOND STREET, LLC,                                           :   **FOR LACK OF JURISDICTION**
:
                                Plaintiff,                          :   20 Civ. 6051 (AKH)
         -against-                                                  :
:
GRANT PHILLIPS, SCOTT B. PHILLIPS,                                  :
DAVID BERLIN, JOHN S. WIRT, and PAMELA                              :
COCALAS WIRT,                                                       :
:
                                Defendants.                         :
:
------------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        The parties, by joint letter of November 3, 2020, ask me to resolve a dispute concerning the Clerk's refusal to allow the filing of an amended complaint seeking to add parties. The Clerk refused to allow the filing because Plaintiffs had failed to obtain leave of court. I decline to so order the clerk. Plaintiffs must move by motion.

        In reviewing the proposed amended complaint, I discovered a jurisdictional defect that requires dismissal. The three plaintiffs are each limited liability companies. For diversity purposes, a limited liability company is deemed to be a citizen of all the states in which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51052 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). Since that has not been alleged for each of the plaintiffs, there is no way to know if there is diversity of citizenship between each of the plaintiffs and each of the defendants. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51052 (2d Cir. 2000).

Accordingly, the removal was improvident, and the case shall be remanded to the New York Supreme Court, New York County. If a ground for federal jurisdiction hereafter appears, the parties can then explore if removal remains possible.

SO ORDERED.

Dated: November 4, 2020
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge